IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30745
Summary Calendar
_____

CHARLES CARTER,

Plaintiff-Appellant,

versus

I.G. OLINDE, Clerk of Court, 18th JDC,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CV-540
- - - - - - - - - -
April 16, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Charles Carter, Louisiana prisoner #115957, has moved for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights claims as frivolous. Carter's motion to appeal IFP is GRANTED.

A prison official having certified that the average monthly deposit to Carter's account during the preceding six months is $13.31, we ASSESS an initial partial filing fee of $2.65. After

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

payment of the initial partial filing fee to the clerk of the district court, Carter shall make monthly payments of twenty percent of the preceding month's income credited to his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of Carter is directed to forward payments from his prisoner account to the clerk of the district court each time that the amount in his account exceeds $10 until the filing fee of $105 is paid. See id.

Carter argues that the district court abused its discretion in dismissing his denial-of-access-to-courts claim as frivolous. We have reviewed the record and Carter's motion for IFP and hold, for essentially the reasons stated by the magistrate judge and adopted by the district court, that the district court did not abuse its discretion in dismissing Carter's claim as frivolous. See Carter v. Olinde, No. 95-540-B (M.D. La. June 28, 1996).

Carter's appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

This is not the first civil rights suit filed by Carter which has been dismissed as frivolous. See Carter v. Francois, No. 95-31251 (5th Cir. June 20, 1996) (unpublished). A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this appeal and the dismissal of the complaint from which appeal was taken, Carter now has four "strikes."  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Therefore, except for cases involving an imminent danger of serious physical injury,

§ 1915(g) bars Carter from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14.

IFP GRANTED; FEE ASSESSED; APPEAL DISMISSED.